UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Case No.:

SUSAN BERNSTEIN, an individual,

    Plaintiff,

-vs-

OPTIMUM OUTCOMES, INC., a foreign corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SUSAN BERNSTEIN, by and through the undersigned counsel (*hereinafter* "Plaintiff"), hereby sues Defendant, OPTIMUM OUTCOMES, INC., a foreign corporation, (*hereinafter* "Defendant") for violation of the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA") and violations of the Florida Consumer Collection Practices Act, Fla. Sta. §559.72 *et* seq, and in support thereof states as follows:

### BRIEF INTRODUCTION

1. This is an action for damages resulting from Defendant's relentless debt collection calls using an automated telephone dialing system ("ATDS") and a pre-recorded voice ("robo-call").

2. Both ATDS and robo-calls are unlawful when made to a cellular phone, unless made with the recipient's prior express-written-consent.[1] However, even where consent is

---

[1] *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 27 FCC Rcd. 1830, 1844 ¶ 33 (2012); 47 U.S.C. § 227(b)(1)(A)(iii); *see also* 47 C.F.R. § 64.1200(a)(2.

provided, the call recipient has the absolute right to revoke consent by any reasonable means, this includes oral revocation.[2]

3. The Florida Consumer Collection Practices Act (FCCPA), was adopted to reinforce the consumer rights established by federal law for individuals who owe money to others.

4. The FCCPA applies to all persons trying to collect monies from consumers; this includes original creditors and debt collectors.

5. The FCCPA, §559.72(9), states, in pertinent part:

In collection consumer debts, no person shall: "Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."

## PARTIES, JURISDICTION, AND VENUE

6. Plaintiff is a natural person and citizen of the State of Florida.

7. Defendant, OPTIMUM OUTCOMES, INC's principal place of business is in Downers Grove, Illinois and is registered with the Florida Department of State as a foreign corporation.

8. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)[3] because this case arises out of violations of federal law.

9. Venue is proper in this Court pursuant to 18 U.S.C. § 1391(b)(2) because Defendant transacts substantial business in the forum.

---

[2] *See In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, ¶ 64, CG Docket No. 02-278, WC Docket No. 07-135, 2015 WL 4387780, ___ F.C.C. ___ (July 10, 2015); *Coniglio v. Bank of Am., N.A.*, No. 8:14-cv-01628-EAK-MAP, 2014 U.S. Dist. LEXIS 149764, 2014 WL 5366248, at *3 (M.D. Fla. 2014) citing *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255 (11th Cir. 2014)

[3] *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

[1575236/1]

## FACTUAL ALLEGATIONS

10. In 2014, Defendant began placing autodialed and/or prerecorded calls from 1-877-795-9819, to Plaintiff's cellular phone number, XXX-XXX-8445.

11. Defendant was calling pertaining to a debt allegedly owed by Plaintiff's daughter who is over eighteen (18) years of age.

12. Plaintiff told Defendant to stop calling her cellphone and to call her daughter.

13. Plaintiff repeatedly informed Defendant that she did not owe the debt and they were attempting to collect from the wrong person.

14. Plaintiff did not and has not expressly consented to Defendant's ATDS calls to Plaintiff's cellular phone.

15. Plaintiff did not and has not expressly consented to Defendant's robo-calls to Plaintiff's cellular phone.

16. Furthermore, as stated above, for the past two (2) years, on multiple occasions, Plaintiff repeatedly revoked any indicia of consent, demanding that Defendant stop calling her.

17. Under the TCPA, it is Defendant's burden to demonstrate that Plaintiff provided her prior express consent within the meaning of the statute and that this consent was not revoked.

18. Defendant has placed over one hundred (100), additional autodialed and prerecorded phone calls to Plaintiff on her cellular phone.

19. All of Defendant's calls to Plaintiff's cellular phone were made using an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

20. None of Defendant's phone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

21. Defendant's telephone calls to Plaintiff's cellular phone, which were placed through the use of an "artificial or prerecorded voice," or through an "automatic telephone dialing system" for non-emergency purposes, and in the absence of Plaintiff's prior express consent, violated 47 U.S.C. § 227(b)(1)(A).

22. Defendant's repeated calls were time consuming and harassing to Plaintiff, and deprived Plaintiff of her statutorily created right to be free from such continued intrusion.

23. Upon information and belief, Plaintiff's experience is typical of that of other Defendant's customers, and that Defendant maintains a coordinated program of calling customers using an "automatic telephone dialing system" and/or "an artificial or prerecorded voice."

24. Defendant willfully or knowingly violated the TCPA.

25. Defendant knowingly violated the FCCPA.

## COUNT I
## VIOLATION OF THE TCPA

26. Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 25 as if fully set forth herein.

27. Defendant or others acting on its behalf, placed non-emergency phone calls to Plaintiff's cellular phone using an automatic telephone dialing system, and pre-recorded or artificial voice in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

28. Defendant continued and continues to make such calls without having prior express consent.

29. Defendant continued and continues to make such calls despite Plaintiff's explicit demand to stop the improper calls.

30. Defendant willfully or knowingly violated the TCPA.

[1575236/1]

31. As a result, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant for:

(a) $500.00 dollars in statutory damages for each violation of the TCPA;

(b) $1,500.00 dollars in statutory damages for each knowing, or willful, violation of the TCPA;

(c) a declaratory judgment that Defendant has violated Plaintiff's rights under the TCPA;

(d) a permanent injunction prohibiting Defendant from placing non-emergency phone calls to Plaintiff's cellular phone using an automatic telephone dialing system, or pre-recorded and/or artificial voice;

(e) actual damages as provided for in the TCPA;

(f) litigation costs; and

(g) such other or further relief as the Court deems proper.

## COUNT II
## VIOLATION OF FLA.STA. §559.72(9)

32. Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 20 as if fully set forth herein.

33. Despite having knowledge that Plaintiff was represented by an attorney, Defendant willfully communicated with Plaintiff to enforce or threaten a debt.

34. Defendant, therefore, has violated the FCCPA, Fla. Stat. §559.72(9), and is liable to Plaintiff for actual and statutory damages, together with attorney's fees and costs.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant for:

(h) statutory damages of $1,000.00 pursuant to Fla. Stat. 559.72 (2); and

(i) actual damages (total damages not to exceed $5,000.00);

(j) reasonably attorney's fees and costs pursuant to Fla. Stat. §559.77(2); and

(k) such other or further relief as the Court deems proper.

## JURY TRIAL REQUEST

Plaintiff respectfully requests a jury trial on all issues so triable.

Respectfully submitted this \_16\_ day of December, 2016, by:

**ZEBERSKY PAYNE, LLP**
110 S.E. 6th Street, Suite 2150
Ft. Lauderdale, Florida 33301
Telephone: (954) 989-6333
Facsimile: (954) 989-7781
Primary Email: jshaw@zpllp.com
Tertiary E-mail: mperez@zpllp.com

JORDAN A. SHAW, ESQ.
Florida Bar No. 111771

[1575236/1]